IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JEREMY LYNN RANKINS                                                                PLAINTIFF

v.                                    Civil No. 6:21-CV-06128

DARRIL ELKINS (Nurse Practitioner Pike                               DEFENDANTS
County Medical) and JAIL
ADMINISTRATOR SARAH HANEY

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A.[1] Under § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on September 20, 2021. (ECF No. 1). On September 27, 2021, Plaintiff filed a Notice indicating that he had neglected to indicate what capacity in which he wished to proceed against Defendants in the first claim of his Complaint. (ECF No. 6). On October 4, 2021, the Court entered an Order directing Plaintiff to file an Amended Complaint. (ECF No. 7). This Order advised Plaintiff that he must "affirmatively link the conduct of each

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

named Defendant with the specific injury he suffered. If he fails to do so, the allegations against that Defendant will be dismissed for failure to state a claim." (*Id*.).

Plaintiff filed his Amended Complaint on October 12, 2021. (ECF No. 8). He alleges his federal constitutional rights were violated during his incarceration in the Pike County Detention Center ("PCDC"). (*Id*. at 1-2). For his first claim, Plaintiff alleges that he put in a medical request to be seen for blood in his stools on May 26, 2021. (*Id*. at 4). He alleges that he has yet to be seen, examined, or treated for that request by Defendant Elkins, the on-site nurse. (*Id*. at 4-5). He alleges he has put in many requests and the PCDC is allowing Defendant Elkins to "function without seeing anyone, prescribing medicine without even taking vitals blood pressure at all." (*Id*. at 5). He further alleges PCDC "has been letting [Defendant Elkins] come to the jail and do whatever he wants." Plaintiff alleges he has been denied medical treatment for the blood in his stools - which could indicate a life-threatening medical condition. (*Id*.). Plaintiff proceeds against Defendant Elkins in his official and individual capacities for this claim. (*Id*.).

For his second claim, Plaintiff alleges that he was exposed to COVID-19 on August 20, 2021. (*Id*. at 6). He alleges he had just gotten his second COVID-19 vaccination that day, and "the jail let us come through the area where the positive COVID person was at." (*Id*.). Plaintiff does not allege that he contracted COVID-19. Instead, he alleges that this exposure put him in a life "threatening situation" and "its keeping us from being transferred to ADC!" (*Id*.). Plaintiff names the Pike County Detention Center and Jail Administrator Sarah Haney as defendants in this claim, and proceeds against both in their official and individual capacities. (*Id*. at 6-7).

Plaintiff seeks compensatory and punitive damages. (*Id*. at 9). He also asks the "doctor to be held to the standard that all nurses are required to go by." (*Id*.)

## II.  LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes,* 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

Plaintiff's claims are subject to dismissal.  "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)).  Thus, to state a

cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. Plaintiff has not alleged a causal link between any of the Defendants and his claims. *See Martin*, 780 F.2d 1337. (Even a *pro se* Plaintiff must allege specific facts sufficient to state a claim). Instead, Plaintiff alleges that he submitted a medical request with the facility but never saw or interacted with Defendant Elkins. He does not allege that Elkins was aware of and denied the request. Plaintiff also fails to allege any actual injury from this alleged deprivation. Plaintiffs' claims against Defendant Elkins are subject to dismissal.

Similarly, Plaintiff does not indicate what Defendant Haney did or failed to do which resulted in the violation of his rights. Instead, he merely lists Defendant Haney as a defendant without any specific factual allegations against her. Because Plaintiff did not state specific factual allegations identifying what Defendant Haney allegedly did, or failed to do, he failed to state a cognizable claim against her. *See Krych v. Hvass*, 83 Fed. App'x 854, 855 (agreeing with district court dismissal of defendants who were merely listed in his complaint, and who were not alleged to have been personally involved in the constitutional violations); *Allen v. Purkett*, 5 F.3d 1151 at 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them). Accordingly, the claims against the Defendant Haney should be dismissed.

Plaintiff also alleges that PCDC or "the jail" was responsible for each of his claims. However, the Pike County Detention Center is a building and not a person or a legal entity subject to suit under § 1983. *See Williams v. Pulaski Cty. Det. Ctr.*, No. 07-3852, 2008 WL 2079104, *1 (8th Cir. May 19, 2008); *Garza v. Kandiyohi Cty. Jail Corr. Inst.*, No. 01-1966, 2001 WL 987542, *1 (8th Cir. Aug. 30, 2001). Accordingly, all the claims against the PCDC should be dismissed.

## IV.  CONCLUSION

Accordingly, I recommend that Plaintiff claims be DISMISSED WITHOUT PREJUDICE for failure to state a claim.  The dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g).  It is further recommended that the Clerk be directed to place a § 1915 strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **16th day of November 2021**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE